BOWES, Judge.
Appellant, Jeffrey C. Millet, was charged by bill of information with violations of R.S. 14:60 (aggravated burglary) and R.S. 14:62.2 (simple burglary of an inhabited dwelling). Millet, represented by appointed counsel, appeared for arraignment on June 27, 1984 and entered a plea of not guilty to both charges. On October 15, 1984, the defendant then represented by his current retained counsel, withdrew his pleas of not guilty and pled guilty as charged. On February 20, 1985, following a sentencing hearing, the trial judge sentenced Millet to ten (10) years at hard labor, with the first year to be served without benefit of parole, probation or suspension of sentence for the violation of R.S. 14:62.2. On the other count, the aggravated burglary, the judge sentenced appellant to ten (10) years at hard labor and, pursuant to C.Cr.P. art. 893.1, made the first five (5) years of the sentence without benefit of parole, probation or suspension of sentence. Both sentences were to be served concurrently. Following sentencing, counsel motioned for this appeal.
Appellant argues but one assignment of error: excessiveness of the sentence. The defense claims that the sentencing court considered only the circumstances militating for incarceration and not any mitigating factors. This argument is not supported by the record. Although the district judge’s sentencing colloquy does not specifically mention all of the factors listed in C.Cr.P. art. 894.1 which the court should consider in imposing a sentence, the record evidences that, prior to sentencing, the judge heard extensive testimony from Dr. William R. Sorum concerning the mental condition of the defendant, both at that time and at the time of commission of the crimes. Mr. Sherman Hooper, Jeffrey Millet’s stepfather, was also allowed to testify on his son’s behalf. We further note that the trial judge had the benefit of a pre-sen-tence investigation report which had been prepared for the judge’s use.
The sentencing range for LSA-R.S. 14:62.2 is imprisonment at hard labor for not less than one year without benefit of parole, probation, or suspension of sentence, nor more than twelve years, and the sentence range for R.S. 14:60 is imprisonment at hard labor for not less than one year, nor more than thirty years.
Defendant received concurrent ten year sentences on each of his crimes. Since defendant’s crimes did not arise out of the same transaction, the sentence for each of his crimes could have been imposed to run consecutively with the other; therefore, the maximum possible sentence which could have been imposed on the defendant was forty-two years. Inasmuch as the sen *864 tences on each crime were imposed to run concurrently, the maximum possible sentence to which the defendant was exposed was thirty years at hard labor. Defendant’s concurrent ten year sentences are less than one-third that maximum possible sentence.
While the ten years imposed on the simple burglary of an inhabited dwelling charge (R.S. 14:62.2) is at the high end of the sentencing range and could be considered out of proportion for a first offender, we find this of no import in the present case because that sentence was ordered to run concurrently with the ten year sentence imposed on the aggravated burglary charge (R.S. 14:60), for which the maximum sentence is thirty years at hard labor. Under all the above circumstances, we find that the sentence was well within the discretion of the trial judge and is not excessive.
Accordingly, the appellant’s conviction and sentence are affirmed.
AFFIRMED.